UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE RENE BETANCOURT,

    Plaintiff,

v.                                Case No.:  2:23-cv-111-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Michelle Rene Betancourt challenges the Commissioner of Social Security's decision partially denying her application for Social Security Disability Insurance benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1, Doc. 17.)[1] For the reasons below, the Commissioner's decision is affirmed.

### I. Background

Betancourt filed for benefits claiming she was disabled as of May 15, 2018. (Doc. 17 at 1.) In her application, Betancourt claimed her disability stemmed from Parkinson's Disease, among other conditions. (*Id.*) Betancourt's request for benefits was denied and the decision upheld on reconsideration. (Tr. 116.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Betancourt then exercised her right to a hearing before an Administrative Law Judge (ALJ). The ALJ issued a partially favorable decision for Betancourt, concluding that she became disabled from Parkinson's Disease on July 30, 2020. (Tr. 15-30.) Before that, however, the ALJ found Betancourt was not disabled because she "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[.]" (Tr. 19.)

The ALJ's decision turned on how often Betancourt could handle and finger bilaterally. (Tr. 19-20, 25-26.) The ALJ found that despite her Parkinson's Disease, Betancourt could "frequently handle and finger bilaterally" before July 30, 2020, but could only do so "occasionally" thereafter. (*Id*.) Considering this evidence along with the testimony of a vocational expert, the ALJ concluded Betancourt had the capability to perform her past work as a waitress before July 30, 2020. (Tr. 20-29.) Betancourt administratively appealed the ALJ's partially favorable ruling but was denied further review. (Doc. 17 at 1.)

Betancourt now asks this Court to remand her claim for further proceedings. In support of her request, Betancourt claims the ALJ failed to properly consider medical opinion evidence from Drs. Meagan Bailey and Abhimanyu Mahajan. (Doc. 17 at 9-14.)

## II. Standard of Review

"Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Therefore, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to

3

evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id.*

### III. Analysis

As mentioned, Betancourt takes issue with the ALJ's assessment of medical opinions from Drs. Bailey and Mahajan. "A medical opinion is a statement from a medical source about what the claimant can still do despite her impairment(s) and whether she has one or more impairment-related limitations or restrictions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "When confronted with a medical opinion, the ALJ must consider its persuasiveness using several factors: (1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other factors." *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *1 (M.D. Fla. Jan. 10, 2023).

Supportability and consistency "are the most important factors" in determining persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Therefore, the ALJ must explain "how [she] considered the supportability and consistency factors for [each] medical source's medical opinions." *Id.* Put simply, the ALJ must assess the factors of supportability and consistency for each medical opinion. *Thomas v. Comm'r of Soc. Sec.*, No. 6:21-CV-100-EJK, 2022 WL 14816626, at *2 (M.D. Fla. Aug. 3, 2022).

4

"Supportability" refers to whether the doctor's medical opinion finds support within the "objective medical evidence" they cite. 20 C.F.R. § 404.1520c(c)(1). "Consistency" is a measure of how the medical opinion aligns with evidence from other sources (medical and nonmedical). 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). To state the obvious, a medical opinion is more persuasive if it is supported by the doctor's own evidence and consistent with the remaining record.

"[C]onclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Mercado*, 2023 WL 145154, at *5. That said, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence." *Marone v. Comm'r of Soc. Sec.*, No. 2:14-CV-616-FTM-CM, 2016 WL 1253575, at *7 (M.D. Fla. Mar. 31, 2016). What matters is whether "a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of [the] medical opinions." *Works v. Saul*, No. 4:19-CV-01515-MHH, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021).

The ALJ rejected Dr. Mahajan's opinions because "[t]hey [we]re not supported by the medical evidence of record" and "[we]re not supported by the activities of daily living described by the claimant during office visits." (Tr. 27.) As for Dr. Bailey, the ALJ found her opinions "partially persuasive." (*Id.*) The ALJ noted that Dr. Bailey's assessment of Betancourt's Parkinson's Disease

5

was supported by her clinical findings and consistent with the clinical findings of the other providers. (*Id.*) However, the ALJ concluded Betancourt's daily activities were inconsistent with Dr. Bailey's opinions that she needed rest and breaks for medication and was seriously limited in her "ability to independently initiate, sustain or complete tasks." (*Id.*) According to Betancourt, the ALJ failed to address the consistency of Dr. Bailey's opinions and failed to address both supportability and consistency for Dr. Mahajan. (Doc. 17 at 10, 12.)

Starting with Dr. Bailey, the ALJ noted that Betancourt's activities were inconsistent with Dr. Baily's opinion that she "had serious limitations with the ability to independently initiate, sustain or complete tasks." (Tr. 27.) Betancourt reported, among other things, attending physical therapy and exercising 5-6 days a week. Although not overly robust, this analysis is sufficient considering the ALJ's detailed discussion of the remaining medical records that also undermine Dr. Baily's conclusions. *See, e.g.*, *Roussin v. Comm'r of Soc. Sec.*, No. 2:20-cv-905-SPC-MRM, 2021 WL 6205948, at *10 (M.D. Fla. Dec. 16, 2021); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]").

Turning to Dr. Mahajan, the Court need not spend long. Dr. Mahajan issued his contested opinions in 2021 and 2022, which is after the ALJ found Betancourt became disabled. There is nothing in Dr. Mahajan's records to suggest his opinions are retroactive. Therefore, what Dr. Mahajan said (or did not say) is irrelevant to determining whether the ALJ erred by finding Betancourt was not disabled before July 2020. It also follows that any perceived error in the ALJ's analysis of Dr. Mahajan's opinions would be harmless. *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015).

## IV. Conclusion

Considering the record as a whole, the Court is satisfied the ALJ followed the applicable regulations and based her conclusions on substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and close the file.

**ORDERED** in Fort Myers, Florida on October 24, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record